518 F.2d 895
 11 Fair Empl.Prac.Cas. 289,
10 Empl. Prac. Dec. P 10,379
The NUECES COUNTY HOSPITAL DISTRICT, d/b/a Memorial Medical
Center and John W. Gover, Plaintiffs-Appellees,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant-Appellant.
 No. 74-1797.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 4, 1975.
 
 Wm. A. Carey, Gen. Counsel, Wm. Robinson, Assoc. Gen. Counsel, Caliph Johnson, Beatrice Rosenberg, E. E. O. C., Washington, D. C., Peter Sanchez-Navarro, Acting Reg. Atty., Denver, Colo., Alvaro Garza, Reg. Counsel, E. E. O. C., Dallas, Tex., Jack Moynihan, Dist. Counsel, E. E. O. C., San Antonio, Tex., for defendant-appellant.
 William Dewitt Alsup, Corpus Christi, Tex., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before RIVES, GODBOLD and GEE, Circuit Judges.
 RIVES, Circuit Judge:
 
 
 1
 The Nueces County Hospital District (District) filed its complaint questioning the jurisdiction of the Equal Employment Opportunity Commission (Commission) to issue a subpoena to John W. Gover, Personnel Director of the District, to appear before an officer of the Commission and bring with him certain documents. The subpoena was issued in connection with charges filed with the Commission by Marta Glueck, an employee of the District, in which she alleged that the District discriminated against her in her working conditions and compensation on account of her race, color, sex, or national origin; and further alleged that
 
 
 2
 "I contacted a local attorney, Nolan K. Read, Bonilla, Read, Rodriguez, Beckman & Bonilla, 2590 Morgan Avenue, Corpus Christi, Texas, to write a letter on my behalf requesting the opportunity to at least obtain some consideration for promotion to this vacancy when it occurred. Several days thereafter my supervisor, Mr. W. C. Grimes, placed me on probation stating 'That I was disrupting the whole Pathology Department with my behavior' without stating any specifics even though I demanded them. This probation was without just cause and without stated duration. I was quite dismayed on March 1, 1973 to find out that I was still under that probation. I still do not know when this probation will end. During this probation I do not accrue longevity or seniority and during this probation I cannot be considered for promotion or anything." (Joint Appendix pp. 28, 29.)
 
 
 3
 Marta Glueck filed a second charge with the Commission alleging that
 
 
 4
 "I was terminated from employment at Memorial Medical Center on March 20, 1973. My belief is that my termination was done in retaliation against me for filing a prior Complaint of Discrimination (Numbered TSA3-0646) against Nueces County Hospital District d/b/a Memorial Medical Center." (App. 31.)
 
 
 5
 The Commission answered the Complaint and filed a counterclaim requesting an order directing Gover to comply with the subpoena duces tecum. The District answered the counterclaim. The parties stipulated to facts not already admitted in the pleadings. One matter so stipulated was that the District is "a political subdivision of the State of Texas." (Joint Appendix p. 40.)
 
 
 6
 The district court, for reasons stated in its memorandum opinion, entered a final judgment holding that the subpoena duces tecum served on Gover by the Commission is null, void and unenforceable. From that judgment the Commission appeals.
 
 
 7
 The district court held that the Commission had no jurisdiction at the time it issued the subpoena duces tecum. The judgment was based on the deferral provision of section 706(c) of Title VII of the Civil Rights Act of 1964, as amended in 1972, now appearing as 42 U.S.C. § 2000e-5(c), and reading as follows:
 
 
 8
 "In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority." (Emphasis added.)
 
 
 9
 This appeal may be disposed of by deciding whether, as applied to the original charge filed by Marta Glueck with the Commission, Article 6252-16 Revised Civil Statutes of Texas, enacted in 1967, and as amended in 1971 meets the requirements for deferral which we have emphasized in quoting 42 U.S.C. § 2000e-5(c), supra.
 
 
 10
 It was stipulated that the pertinent Texas statute reads as shown in the Appendix to this opinion. The district court in a part of its memorandum opinion said: "The Court concludes that the language of the Texas Legislature in Article 6252-16 was chosen to take advantage of the deferral provision of § 2000e-5(c) in certain instances. And, this Texas statute meets the requirements for deferral set out in § 2000e-5(c)." (Joint Appendix 69-70.) We agree with the first sentence of that conclusion but disagree with the second sentence as applied to the alleged unlawful employment practice in this case.[1]
 
 
 11
 The first charge filed by Marta Glueck, particularly the latter part of said charge, is clearly sufficient to authorize an investigation by the Commission in accordance with the enforcement provisions of the Act, set forth in 42 U.S.C. § 2000e-5, as to whether or not the District had placed Marta Glueck on probation in retaliation for her attempts to alleviate the effects of the District's alleged discrimination against her.
 
 
 12
 We do not base our decision on the second charge, because the Commission did not claim that the documents required by its subpoena duces tecum were needed for its disposition. The documents were certainly relevant and pertinent to the first charge.
 
 
 13
 As shown by the numbered paragraphs of section 1(a) of Article 6252-16, Vernon's Revised Civil Statutes of Texas, copied in the Appendix, the Texas statute is narrowly drawn to cover specific acts of discrimination,[2] and it obviously does not prohibit an employer from retaliating for an employee's attempts to be relieved from the consequences of the employer's discrimination. It follows that the Texas statute fails to meet the deferral requirements of 42 U.S.C. § 2000e-5(c) as applied in this case. Texas did not have a law prohibiting the unlawful retaliation included in Marta Glueck's original charge. The Commission was authorized to assume the duty of investigating that charge and to issue the subpoena duces tecum.
 
 
 14
 The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
 
 
 15
 Reversed and remanded.
 
 APPENDIX
 
 16
 (Quoted from Vernon's Ann.Civ.St.)
 
 
 17
 Art. 6252-16. Discrimination against persons because of race, religion, color
 
 
 18
 or national origin Prohibition on discriminatory action by
 
 
 19
 state or local government officers or employees
 
 
 20
 Section 1. (a) No officer or employee of the state or of a political subdivision of the state, when acting or purporting to act in his official capacity, may:
 
 
 21
 (1) refuse to employ a person because of the person's race, religion, color, or national origin;
 
 
 22
 (2) discharge a person from employment because of the person's race, religion, color, or national origin;
 
 
 23
 (3) refuse to issue a license, permit, or certificate to a person because of the person's race, religion, color, or national origin;
 
 
 24
 (4) revoke or suspend the license, permit or certificate of a person because of the person's race, religion, color, or national origin;
 
 
 25
 (5) refuse to permit a person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state, because of the person's race, religion, color or national origin;
 
 
 26
 (6) refuse to permit a person to participate in a program owned, operated, or managed by or on behalf of the state or a political subdivision of the state, because of the person's race, religion, color, or national origin;
 
 
 27
 (7) refuse to grant a benefit to, or impose an unreasonable burden upon, a person because of the person's race, religion, color, or national origin;
 
 
 28
 (8) refuse to let a bid to a person because of the person's race, religion, color, or national origin.
 
 
 29
 (b) The provisions of (a) of this Section do not apply to a public school official who is acting under a plan reasonably designed to end discriminatory school practices.
 
 Equitable remedy
 
 30
 Sec. 2. Whenever a person has engaged, or there are reasonable grounds to believe that a person is about to engage in an act or practice prohibited by Section 1 of this Act, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved. In an action commenced under this Section, the court, in its discretion, may allow the prevailing party, other than the state, a reasonable attorney's fee as part of the costs, and the state is liable for costs the same as a private person.
 
 Penalty
 
 31
 Sec. 3. A person who knowingly violates a provision of this Act is guilty of a misdemeanor and upon conviction is punishable by a fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the county jail for not more than one year or by both.
 
 
 32
 Notice of alleged unlawful employment practice
 
 
 33
 Sec. 4. The District Attorneys and/or County Attorneys of this state are hereby designated as the appropriate state or local official to receive the notice of an alleged unlawful employment practice occurring in this state from the Equal Employment Opportunity Commission as provided for in Public Law 88-352, Title VII, Section 706(c); 78 Stat. 241 (42 U.S.C. 2000e-5).
 
 
 34
 Acts 1967, 60th Leg., p. 138, ch. 72, eff. Aug. 28, 1967.
 
 
 
 [1]
 The deferral provision of section 706(c), which has been quoted, is carefully tailored to apply only to a state having a "law prohibiting the unlawful employment practice alleged." We limit our opinion and decision to the question of whether Texas had such a law and reject the invitation of the parties to decide their dispute as to the broader question of whether Congress intended deferral only where the state has a fair employment commission or its equivalent, as urged by the Commission (Brief, p. 13), or deferral whenever the state has made any "colorable consideration to such matters" (Senator Case, 110 Cong.Rec. 13081), as urged by the District (Brief, p. 4), or deferral somewhere between these two extremes
 
 
 [2]
 Compare the broad definition of unfair employment practices in 42 U.S.C. § 2000e-2 and § 2000e-3